UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOMESITE INSURANCE COMPANY )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE M. CRUZ, et al. )<br>Defendants, )<br>) | Civil Action No. 3:20-cv-00905<br><br>July 1, 2020 |

## MOTION FOR PERMISSION TO PROCEED
## USING FICTITIOUS NAMES FOR A CERTAIN DEFENDANT

The plaintiff, Homesite Insurance Company ("Homesite") hereby moves for permission to proceed against the Defendant Jane Doe, on behalf of her minor child J.D.,[1] under the fictitious name "Jane Doe, PPA J.D." The basis of this motion is as follows:

### BACKGROUND

On December 12, 2019, Jane Doe filed a civil action on behalf of her minor child, J.D., in the State of Connecticut Superior Court, Judicial District of Hartford, known as *Jane Doe, PPA Jane Doe II v. Jose M. Cruz*, Dkt. No. HHD-CV20-5062671 (the "State Court Action"). In brief, the operative complaint in the State Court Action—dated February 3, 2020 (the "State Court Complaint")—alleges that defendant Jose Cruz sexually assaulted J.D. and/or otherwise caused her damages on January 1, 2018 during a New Year's Eve party at his home.

In the State Court Action, Jane Doe moved for (and was granted) permission to use pseudonyms: referring to herself as "Jane Doe" and her daughter as "Jane Doe II". See State

---

[1] J.D. was at all relevant times a minor: she was born in December 2003, so was roughly 14 years old at the time of the January 1, 2018 incident at issue here. See State Court Complaint at ¶¶ 1, 6-7 (alleging her birth-month and the date of the incident). Minors are referred to by initials in federal court filings; Fed. R. Civ. P. 5.2(a)(3); and she is referred to as "Jane Doe II" in the State Court Action, so Plaintiff refers to her as "J.D."—the initials of Jane Doe—herein.

Court Action at **Nos. 101.00**, **103.00**, and **104.00-.87** (*ex parte* application and motion, along with court orders granting same). She also moved to seal the unredacted writ, summons, and complaint—which reportedly revealed her actual name and address—and the Court granted this as well. Id. at **Nos. 105.00-.87**. In brief, she argued that victims of sexual assault and violence—such as her daughter, a minor sexual assault victim (who could be identified through her mother)—are frequently permitted to use pseudonyms in order to advance justice and avoid social stigmatization and other harms. **No. 101.00** at pp. 3-4. The Court (*Sheridan, J.*) found that "the use of a pseudonym is necessary to preserve a privacy interest which overrides the public's interest in knowing the name of the party", that "the public interest in viewing these documents is minimal and is outweighed by the plaintiff's substantial interest in protecting the identity of the party", and that "there is no reasonable alternative" to the use of the pseudonyms and the sealing of these documents. Id. at **Nos. 104.87 and 105.87**.

Homesite is Mr. Cruz's insurer and is providing him a defense in the State Court Action, pursuant to a full reservation of rights. In Connecticut, the underlying plaintiff who is suing the insured is a proper defendant to a declaratory judgment action. See *Willard v. Travelers Ins. Co.*, 247 Conn. 331, 335-40 (1998) (if an underlying plaintiff is not made a party to the declaratory judgment action, he or she could "relitigate the issue of . . . coverage . . ."). In anticipation of filing this action, undersigned counsel contacted Jane Doe's counsel in the State Court Action, Mr. Cruz's insurance defense counsel there, and his criminal counsel to request (i) Jane Doe's name and (ii) J.D.'s actual initials so that she could be made a party here. However, they were all unwilling to disclose this information, given the state court's privacy orders.

Homesite then moved to intervene in the State Court Action for a limited purpose and requested a limited disclosure of this information. **No. 114.00**. The Court (*Shapiro, J.*) granted

Homesite's intervention but denied its request for this information, citing Homesite's potential ability to "proceed to commence a declaratory judgment action in the United States District Court using pseudonyms" and to have Jane Doe's "attorneys agree[] to accept service of process in the declaratory judgment action." **No. 114.86**. On June 29, 2020, undersigned counsel spoke with Jane Doe's counsel—Attorney Cody Guarnieri of Brown Paindiris & Scott LLP—and he confirmed that he was authorized to and would accept or waive (pursuant to Fed. R. Civ. P. 4(d)) service on behalf of Jane Doe in Homesite's planned declaratory judgment action. Concurrent with the filing of this action, Homesite has sent Attorney Guarnieri the necessary waiver-of-service materials and it anticipates that this process should be completed shortly.

## ARGUMENT

A federal lawsuit must generally identify the parties by name. See Fed. R. Civ. P. 10(a) ("the complaint must name all the parties . . ."). This general rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings . . ." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-90 (2d Cir. 2008). However, "[c]ourts have nevertheless carved out a limited number of exceptions to the general requirement of disclosure of the names of the parties, which permit [parties] to proceed anonymously." Id. The party's interests in anonymity are "balanced against both the public interest in disclosure and any prejudice to the" opposing party. Id. In balancing these interests, "district courts should take into account" a range of factors, including:

> whether the litigation involves matters that are highly sensitive and [of a] personal nature[;] . . . whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties[;] . . . whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity[;] . . . whether the plaintiff is particularly vulnerable to the possible harms of disclosure, . . . particularly in light of his age[;] . . . whether the defendant is prejudiced by

> allowing the plaintiff to press his claims anonymously . . . [;] . . . whether the plaintiff's identity has thus far been kept confidential[;] . . . [and] whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities . . .

Id. (internal citations and quotation marks omitted).

Courts frequently grant minor victims of sexual assault such anonymity, just as the state court granted Jane Doe and J.D. in the State Court Action. See, e.g., *Westcott v. Middlesex Hosp.*, No. MMX-CV18-6020250, 2018 WL 2292916 at *3 (Conn. Super. Ct. May 1, 2018) (courts "have shown a willingness to grant the privilege to proceed anonymously in matters involving sexual abuse or assault of minors") (collecting cases); *Doe v. Paychex, Inc.*, No. 3:17-cv-2031, 2020 WL 219377 at *9 (D. Conn. Jan. 15, 2020) ("Courts have permitted cases to proceed anonymously where they involve claims relating to sexual misconduct . . . or minors.") (collecting cases); see generally *Doe v. Rackliffe*, 173 Conn. App. 389, 400 (2017) ("when allegations of sexual assault are involved, those who are alleged victims, especially minors, may have strong privacy interests")

Ordinarily, a moving party seeks anonymity for itself. However, courts have frequently—including in multiple opinions in this District—permitted anonymity in cases similar to this one: insurer-plaintiffs seeking to proceed anonymously against an alleged victim of sexual assault in a declaratory judgment action. See, e.g., *Mount Vernon Fire Ins. Co. v. Linarte*, No. 3:09-cv-442-MRK at **No. 6** (D. Conn. Mar. 25, 2009) (granting "Motion to Proceed in Fictitious Name"); see also *Peerless Ins. Co. v. Clemens*, No. 3:11–CV–1597, 2013 WL 364819 (D. Conn. Jan. 22, 2013) (granting insurer summary judgment in declaratory judgment matter that was brought against victim anonymously, without even a motion regarding anonymity); *Markel Ins. Co. v. Ebner Camps, Inc.*, No. 3:15-cv-01663-VLB at **No. 33** (D. Conn. June 28, 2016) (same, directing

4

plaintiff to "continue to employ 'John Doe' as a means of protecting his identity" in an amended pleading); *Nationwide Mut. Fire Ins. Co. v. Damato-Kushel*, No. FBT-CV18-6072099, 2018 WL 78217817 (Conn. Super. Ct. Dec. 11, 2018) (same); *Metropolitan Cas. Ins. Co. v. Donnelly*, 158 F. Supp. 3d 734 (S.D. Ill. 2016) (same); *Stonington Ins. Co. v. Agricultural & Labor Program, Inc.*, No. 08-60901-CIV-MORENO, 2009 WL 10666814 (S.D. Fla. Mar. 19, 2009) (same); *State Farm Fire and Cas. Co. v. DeLand*, No. 18-13077, 2019 WL 2539363 (E.D. Mich. June 20, 2019) (same) *Harleysville Ins. v. Sharma*, No. 2:14-cv-02474 (E.D.N.Y.) (same, permitting such an action to proceed anonymously without a motion); *Allstate Ins. Co. v. Wilson*, No. 3:12-cv-1398-JBA at **Nos. 31 and 41** (D. Conn.) (permitting victim-plaintiff to intervene anonymously in declaratory judgment action).

The Court should do the same here and permit the action to proceed against Jane Doe anonymously. Plaintiff first notes that there is *no* prejudice to any "opposing" party. The only other involved party is Mr. Cruz, and he knows both Jane Doe's and J.D.'s identity, so will suffer no prejudice by their being described anonymously herein. Similarly, all of the factors quoted above from *Sealed Plaintiff* weigh in favor of anonymity. Jane Doe has already demonstrated the highly sensitive nature of the claims and the risk of retaliation or mental harm to J.D. in her filings in the State Court Action, in which she was already granted anonymity. See *Sealed Plaintiff*, 537. F.3d at 188-90. Indeed, psychological distress is one of the primary "injur[ies] litigated against" in the State Court Action and Jane Doe has already demonstrated to the state court that such harm also may result if her identity were disclosed. See State Court Action at **No. 101.00** p.3 (arguing she "has a real interest in having her and her daughter's name kept from the public due to the embarrassment, shame and psychological trauma that inevitably stems from the circumstances surrounding the current situation."); cf. *Sealed Plaintiff*, 537. F.3d at 188-90

5

(courts should consider "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"). As a minor, she is particularly vulnerable to such harm. Moreover, Jane Doe and J.D.'s identities have been kept anonymous from the very start of these proceedings: the state court has repeatedly granted them anonymity from the start of the State Court Action and it even rejected Homesite's efforts to narrowly access that information.

Finally, as a declaratory judgment action, this suit presents a "purely legal" issue for which "there is an atypically weak public interest in knowing the[se] litigants' identities[.]" *Sealed Plaintiff*, 537. F.3d at 188-90. At bottom, this is a contract dispute between Homesite and its insured, Mr. Cruz, presenting only the dry legal question of what (if any) protections are due to him under the contract of insurance between them. Jane Doe and J.D. are merely interested in that dispute and are only named as parties to avoid potential repetitive coverage litigation. Any public interest in knowing the identity of Jane Doe here is far lower here than it might be in the underlying State Court Action, which directly involves Jane Doe's own claims, and that court has already determined that anonymity is appropriate.

Therefore, for the foregoing reasons, this Motion should be GRANTED, such that this action may proceed against Jane Doe under the fictitious name "Jane Doe, PPA J.D."

        PLAINTIFF
        HOMESITE INSURANCE COMPANY

By: /s/ James E. Ringold_____
    James E. Ringold (ct29536)
    Loughlin FitzGerald, P.C.
    150 South Main Street
    Wallingford, CT 06492
    Tele.:  203-265-2035
    Fax:    203-269-3487
    Email: jringold@lflaw.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 1, 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

              /s/ James E. Ringold
              James E. Ringold (ct29536)